1  Tammy Hussin (Bar No. 155290)
2  HUSSIN LAW
   6404 Merlin Dr. #100
3  Carlsbad, CA 92011
   Tel: (877) 677-5397
4  Fax: (877) 667-1547
5  Tammy@HussinLaw.com

6
   Attorney for Plaintiff, Isaac Myer
7

8

9

10

11

12             **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
13                    **WESTERN DIVISION**

14

15  Isaac Myer,                          Case No.:

16          Plaintiff,
                                         **COMPLAINT FOR DAMAGES:**
17                                       **1. VIOLATION OF ROSENTHAL**
        vs.                              **FAIR DEBT COLLECTION**
18                                       **PRATICES ACT, CAL.CIV.CODE**
                                         **§1788** *ET. SEQ.*
19  Time Warner Cable, Inc., a Delaware  **2. VIOLATION OF THE**
20  corporation; and DOES 1-10, inclusive, **TELEPHONE CONSUMER**
                                         **PROTECTION ACT, 47 U.S.C. §**
21          Defendants.                  **227,** *ET. SEQ.*

22

23                                       **JURY TRIAL DEMANDED**

24

25

26

27

28

---

Complaint                    1

For this Complaint, the Plaintiff, Isaac Myer, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et .seq.* (the "TCPA") and violations of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et. seq.* ("RFDCPA").

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.  Plaintiff, Isaac Myer (hereafter "Plaintiff"), is an adult individual residing in Los Angeles County, California, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3), and is a "person" as defined by 47 U.S.C. §153(10).

5.  Defendant, Time Warner Cable, Inc. ("hereafter "Defendant" or "TWC"), is a Delaware corporation, with an address of One Time Warner Center, New York, NY 10019, and is a "person" as defined by 47 U.S.C. §153(10).

6.  Does 1-10 are other entities which, upon information and belief, may have engaged in collection activity on behalf of Time Warner. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

7.  Plaintiff allegedly incurred a financial obligation (the "Debt") to Defendant.

8.     The Debt arose from services provided by TWC which were primarily for family, personal or household purposes and which meets the definition of a "debt" as defined by Cal. Civ. Code §1788.2.

9.     Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code §1788.2.

**B.     The Facts**

10.     TWC and Plaintiff have an ongoing business relationship and TWC currently provides internet service and a landline phone to Plaintiff.

11.     When Plaintiff first contacted TWC, he provided his cellular number to facilitate an appointment for the installation of TWC's services.

12.     A TWC technician came to Plaintiff's home to install a landline and internet services. When the installation was complete, TWC's installation technician reviewed the paperwork with Plaintiff.

13.     In reviewing the paperwork, Plaintiff noticed his cellular telephone number was listed on the paperwork, rather than his new TWC landline number. Plaintiff values his privacy and does not like to receive calls on his cellular telephone. Plaintiff advised the technician he did not wish to be contacted on his cellular phone, and directed the technician to ensure his new landline was the only contact number listed on the account.

14.     TWC thereafter began billing Plaintiff on a monthly basis and Plaintiff began to pay TWC for the monthly service.

15.     In or around June of 2014, Plaintiff did not pay TWC by the due date, and TWC began calling Plaintiff on his cellular telephone in an attempt to collect the past due balance.

16.     When TWC called Plaintiff's cellular phone, it used an automated telephone dialing system and/or a prerecorded or automated voice ("Automated Calls").

17.     TWC called Plaintiff at an annoying and harassing rate, causing Plaintiff's phone to ring multiple times a day and clogging up his voicemail with automated voicemail messages.

18.     Plaintiff did not welcome the calls to his cellular phone, and the frequency of TWC's calls were harassing and annoying.

19.     Plaintiff spoke with a TWC representative, and advised the representative he did not wish to receive calls on his cellular phone. Plaintiff directed TWC to contact him on his landline phone.

20.     TWC ignored Plaintiff's directive and continued to call Plaintiff on his cellular phone at an annoying and harassing rate as aforementioned.

21.     Plaintiff was advised by a TWC representative that he has a thirty day grace period within which to pay the monthly charge. Although Plaintiff pays his TWC bill within TWC's grace period, TWC would begin to barrage Plaintiff with Automated Calls if the bill was not paid by the due date.

22.     Plaintiff spoke to TWC representatives a number of times in an effort to stop the calls. Plaintiff reminded the representatives he did not want to be called on his cellular phone and that TWC should call his landline only.

23.     Despite Plaintiff's multiple attempts to get TWC to stop calling his cellular phone, TWC ignored each of Plaintiff's requests and continued to barrage him with Automated Calls.

24.     Ultimately, Plaintiff retained counsel in an effort to stop TWC from calling him on his cellular telephone. It was not until Plaintiff's counsel contacted TWC that calls to his cellular phone finally stopped.

### COUNT I
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et. seq.*

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et. seq.* prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27.     Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code §1788.11(d).

28.     The Defendants communicated with Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code §1788.11(e).

29.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code §1788.17. In particular, by ignoring Plaintiff's request to be communicated with on his landline only, TWC violated 15 U.S.C. §1692c(a)(1) by communicating with Plaintiff in a manner and a place known to be inconvenient.

30.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT -47 U.S.C. §227, *et. seq.*

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Within the last four years, Defendants called Plaintiff on his cellular telephone without his consent by using an automatic telephone dialing system ("ATDS") and by using a prerecorded or artificial voice.

33.     When Plaintiff answered the Automated Calls, Defendants used an automated or prerecorded voice prior to connecting Plaintiff to a live representative.

34.     Defendants also left messages on Plaintiff's voicemail using an automated voice.

35.     TWC's telephone dialing system has the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

36.     TWC utilizes an "interactive voice response" calling system ("IVR") which it uses, among other things, to advise customers that their accounts are past due. TWC's "IVR is an ATDS under § 227(a)(1)" of the TCPA. *King v Time Warner Cable,* 1:14-cv-02018-AKH (S.D.N.Y.), Document 33 Filed 07/07/15.

37.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. §227(b)(1).

38.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

39.     Plaintiff provided his cellular number solely for the purpose to arrange the installation appointment, and told the installation technician to remove his cellular number from the account. Therefore, TWC never had consent to call Plaintiff on his cellular phone in the first place. Plaintiff also made multiple requests to TWC representatives to only be called on his landline and to stop calling his cellular telephone. As such, TWC's Automated Calls were made without consent and in violation of the TCPA pursuant to 47 U.S.C. §227(b)(1)(A)(iii).

40.     TWC knows the prohibitions of the TCPA, and has been called to defend itself in a multitude of TCPA law suits nationwide, including TCPA class action litigation. Despite being intimately familiar with the TCPA, TWC continued to barrage Plaintiff with calls over his repeated objections. Therefore, the Automated Calls to Plaintiff were made in knowing and/or willful violation of the TCPA and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C). *See, e.g., King v Time Warner Cable,* 1:14-cv-02018-AKH (S.D.N.Y.); *J2 Global Communications v Blue Jay, Inc.,* 2009 WL 4572726 (N.D.Cal.).

41.    Plaintiff is entitled to damages as a result of TWC's repeated violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3), *et. seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

D. Reasonable attorney's fees and costs incurred by Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and

E. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 24, 2015                    By:  */s/Tammy Hussin*
                                         Tammy Hussin, Esq.
                                         Hussin Law
                                         Attorney for Plaintiff, Isaac Myer